Brassard, J.
By decision dated August 9,1996, this court granted in part the motion of the plaintiffs for summary judgment. In that decision, this court concluded that the conduct of the defendant violated the First and Fourteenth Amendments of the United States Constitution, Article XVI of the Massachusetts Declaration of Rights, and 42 U.S.C. §1983. The court allowed Nynex’s motion for summary judgment as to alleged violations of the Massachusetts Civil Rights Act, breach of contract, violation of the tariff, interference with contract, discrimination by a common carrier, and unfair and deceptive acts in violation of G.L.c. 93A [5 Mass. L. Rptr. No. 25, 547 (September 23, 1996)].
In the wake of this decision, both plaintiffs and the defendant filed motions for reconsideration. Because the parties were discussing settlement, and because the parties made a specific request that the court not act on those motions for reconsideration, no action was taken on those motions until recently when the parties advised that their settlement discussions were unsuccessful and that both parties had no objection to the denial of their respective motions.
The plaintiffs have now filed a motion for attorneys fees pursuant to 42 U.S.C., §1988.[1] The motion is supported by lengthy affidavits filed by representatives of both law firms which represented the plaintiffs in this action. Both the plaintiffs and the defendant have also filed helpful legal memoranda. The court conducted a hearing as to this motion on February 27, 1997.
Because the plaintiffs succeeded on several significant issues in this litigation, and because that success achieved “some of the benefit the parties sought in bringing suit,” the plaintiffs are prevailing parties and accordingly are entitled to a reasonable attorneys’ fee under §1988. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). In determining the appropriate fee, this court must consider “the relationship between the extent of success and the amount of the fee award.” Id. at 435. In addition, the award is a reflection of the court’s view, in a general sense, of what is a “reasonable” fee under the circumstances. See Ackerley Communications of Mass., Inc. v. Somerville, 901 F.2d 170 (Ist Cir. 1990). Itis not appropriate or proper for the losing party to be left “at the mercy of the winner’s lawyers, bound to pay not a ‘reasonable’ fee, but a fee on the order of what the victor — for whatever reason — might be willing to tolerate.” United States v. Metropolitan District Comm’n, 847 F.2d 12, 17 (1st Cir. 1988).
Both counsel for the plaintiffs, Nutter, McClennen & Fish and Silverglate & Good, have submitted time records and rates. The total of the fees and costs requested for the plaintiffs is $519,064.55, consisting of $362,655.13 for Nutter’s fees and costs and $156,409.42 for Silverglate & Good’s fees and costs. Nynex concedes that the plaintiffs are entitled to some attorneys fees, and Nynex further concedes that the disbursements sought by plaintiffs are reasonable. Nynex also concedes that the billing rates charged by both counsel for plaintiffs are reasonable, but suggests that these rates are at the high end of reasonable.
When adjusting fees in order to arrive at an award which is reasonable, the court is not required to engage in a formulaic computation based on a pre-set standard. In cases such as the one presently before the court, it is more appropriate to consider the actual work which was performed rather than the number of hours dedicated to the litigation. See Ackerley, 901 F.2d at 171. Nynex urges, and the court agrees, that a number of factors should reduce plaintiffs’ “lodestar” fee request. These factors are as follows.
First, “the prevailing plaintiff in this case is not the typical civil rights claimant for whom a potential award of attorneys fees might have been the determining factor in the decision to seek judicial relief.” Ackerley, 901 F.2d at 170. Similar to the facts in Ackerley, this case involved “ ‘a major litigation for a private corporate client’ conducted by a large and prominent law firm. Here, the corporate client obviously had decided *530 its financial constraints must yield to an all-out effort to gain victory.” Id. at 170-71, quoting United States v. Metropolitan District Commission, 847 F. 2d at 17.
Second, there were inevitable inefficiencies and overlapping because two law firms represented the plaintiffs. It was the plaintiffs’ right and privilege to retain two different firms to accomplish the litigation. As a practical matter, however, some duplication of efforts is unavoidable where multiple counsel are involved in litigation. Nynex should not be responsible for the fees arising as a result of overlapping efforts. See Ackerley, 901 F.2d at 171.
Third, the court considers the fact that after this court’s decision in August 1996, the plaintiffs accrued legal fees in excess of $54,000 with respect to the analysis of the decision, the preparation of a motion for reconsideration, the filing of an opposition to Nynex’s motion for reconsideration, settlement strategy and discussions, and the preparation of the fee petition. Some adjustment must be made for these significant post-decision fees.
Fourth, the court also considers that plaintiffs expended some $15,000 in legal fees in an effort to depose the chief executive officer of Nynex as well as to take a 30(b)(6) deposition of Nynex. These depositions related to the 93A claim of the plaintiffs to the effect that the conduct of the defendants was at least in part attributable to anticompétitive motives. This court found no basis for that contention. As the plaintiff was not successful on the c. 93A claim, there is no corresponding entitlement to fees and costs related to the litigation of that claim which was not part of the “common core” of plaintiffs’ claims. See Hensley, 451 U.S. at 434-35.
Finally, this court concludes that the lack of success of the plaintiffs as to several counts must be a factor in this fee award. The court is mindful that the plaintiffs should not be penalized as to attorneys fees because related claims were unsuccessful. Hensley, 461 U.S. at 434. However, at least some of the unsuccessful claims here, particularly those which related to G.L.c. 93A, were “distinctly different" from the successful claims. Id.
This court has considered all of the materials submitted by all of the parties. The plaintiffs are entitled to a reasonable legal fee, but that fee request must be reduced to reflect the factors outlined above. This court has made a reduction, not . on the basis of a precise formula, but rather on the basis of determining the amount of legal fees which are “reasonable for the nature of the work performed, albeit taking into account what in fact was expended.” Ackerley, 901 F.2d at 171.
Accordingly, this court concludes that the plaintiffs should be awarded legal fees in the total amount of $350,000, consisting of $250,000 for the work performed by Nutter, McClennen & Fish, and $100,000 for the work performed by Silverglate & Good. The court notes that the quality of the legal services performed by all counsel, co-counsel for the plaintiffs, counsel for the defendant, and counsel filing amicus briefs, was consistent with the best traditions of the Massachusetts bar. The fee reduction is, in no way, a commentary on the quality of the services provided; it is rather an adjustment to render them “reasonable” to the non-prevailing party.
ORDER
For the foregoing reasons, this court ORDERS that attorney’s fees and costs be awarded to the plaintiffs in the total amount of $350,000.

“[T]he court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys fee as part of the costs.” 42 U.S.C. Sec. 1988.